## A. R. HINES vs. A. G. NOAH, Sheriff.

1. CHANCERY PRACTICE: *Administrator's final settlement. Execution to collect balance due. Code of 1871, §§ 1167, 1169.*

A decree in the chancery court against an administrator for a balance due by him on final settlement must ascertain the parties to whom the amount should be paid, and no valid execution can issue on the decree unless there is some person named who can demand payment of it. The parties, beneficial owners of the decree, must establish their right before any *fieri facias* can issue. If the court directs the money to be paid to the clerk, or a commissioner, until the proper parties are ascertained, then such officer must be named in the execution.

ERROR to the Circuit Court of *Attala* County.

Hon. W. B. CUNNINGHAM, Judge.

The facts in this case are sufficiently stated in the opinion of the court.

It is assigned for error :

1. That the court admitted in evidence the pretended execution levied on the property in controversy.

2. In overruling motion for a new trial.

*G. L. Potter* for plaintiff in error :     ·

The levy made by the sheriff shows that the mule is the property of plaintiff in error.   The execution should not have been admitted in evidence.   It was " void upon its face," having no parties who could claim the money.

*J. A. P. Campbell,* for defendant in error :

The frivolous objection to the execution as evidence was properly overruled and the *fieri facias* admitted.   The sheriff had done his plain duty and was entitled to a verdict.   The *fieri facias* was neither void, nor voidable.   It was certain as to amount and as to the party out of whom the money was to be made.


CHALMERS, J., delivered the opinion of the court.

The proceeding was replevin for a mule, brought by the owner of the animal against the sheriff.   The officer justified under a *fieri facias* issued from the chancery court of Attala county, by which he was commanded to make " the sum of $138 out of the goods and chattels, lands and tenements, of A. R. Hines, late executor of N. Hines, deceased," and " to have the money before the judge of our said court to render to those entitled to receive the same for decree and costs aforesaid."

There is no plaintiff named in the writ of *fieri facias,* nor any person to whom the money is to be paid.   The decree under which it issued appears to have been rendered on ascertainment of the balance due on final settlement of an administration account, in accordance with §§ 1167–1169 of Revised Code ; but it would seem that there was no determination in the decree of the parties to whom the amount should be paid.

13

It is manifest that no valid execution can issue on such a decree. There is nobody who can demand payment of it, nor to whom a payment voluntarily made would operate as a satisfaction. The parties who claim to be the beneficial owners of the decree must, by petition or other proper proceedings in the chancery court, establish their right before any *fieri facias* can issue.

The court perhaps could have directed the money to have been paid to the clerk, or to a commissioner, until the parties entitled should be ascertained, and could have awarded execution for the collection in favor of such officer; but this was not done. Until there is some judicial ascertainment of the persons entitled to it, or some party designated to receive it, there can be no valid execution.

If the decree did name the parties entitled to receive the money, they should have been named in the *fieri facias*.

Judgment reversed and new trial awarded.

Campbell, J., having been of counsel, takes no part in this decision.